IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR14** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **SUSAN E. OLMER,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") in this case. The parties have not objected to the PSR. *See* Order on Sentencing Schedule, ¶ 6. The government adopted the PSR. (Filing No. 48.) The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

In the instant case, restitution is sought pursuant to 18 U.S.C. § 3663A, which requires mandatory restitution to victims of certain crimes in which an identifiable victim suffered a pecuniary loss. 18 U.S.C. § 3663A(c)(1)(B). Therefore, restitution may be ordered under § 3663A. *United States v. Hart,* 324 F.3d 575, 578 (8th Cir. 2003); *United States v. Brooks,* 174 F.3d 950, 954 (8th Cir. 1999); *United States v. Shyres,* 898 F.2d 647, 659 (8th Cir. 1990).

The Defendant pleaded guilty to an Information. The plea agreement states that, although the Indictment is to be dismissed, Counts I through III of the Indictment are to be considered as relevant conduct in determining the guideline range and restitution. However, a question arises whether restitution under § 3663A is limited to the count of conviction and that relevant conduct may not be included. *See United States v. DeRosier,* 2007 WL 2669436, at 6 (8th Cir. Sept. 13, 2007); *United States v. Carruth,* 418 F.3d 900, 902 (8th Cir. 2005). Therefore, it appears that under § 3663A in this criminal case

restitution could be limited to the amount relating only to the Information. Recovery by the IRS of the additional amounts in any other appropriate forum would not be precluded. This matter will be discussed at sentencing, and the Court would appreciate receiving copies of any pertinent legal authority cited in support of a party's position at the sentencing hearing.

IT IS ORDERED:

1. The restitution amount will be discussed at sentencing;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 2nd day of October, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge